**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAH MAHMOOD MIRZADA,<br>(A-Number: 249-374-607)<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN, et al.,<br><br>        Respondents. | No. 1:26-cv-00425 JLT FJS (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 11)<br><br>ORDER DENYING MOTION TO DISMISS, GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 29, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition in part. (Doc. 11.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 14 days. (Doc. 11.) On July 13, 2026, Respondents filed objections to the findings and recommendations for the same reasons advanced in Respondents' earlier filing. (Doc. 12.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The magistrate judge applied the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976). (Doc. 11 at 5-8.) This Court has previously applied a slightly modified test under analogous circumstances. *See Doe v. Andrews*,

1

No. 1:25-CV-00333-JLT-HBK (HC), 2026 WL 797694, at *10 (E.D. Cal. Mar. 23, 2026) (applying three-factor test from *Lopez v. Garland*, 631 F. Supp. 3d 870 (2022), which calls for an examination of the total length of detention to date, the likely duration of future detention, and any delays in the removal proceedings caused by the petitioner and the government.) Petitioner has been detained for almost 28 months. The fact that Petitioner has appealed his adverse asylum ruling and has been granted protection against removal to his native Afghanistan under the Convention Against Torture suggests that his detention may continue for an extended period if he is not offered any opportunity for a bond hearing. Finally, Petitioner filed his appeal to the BIA on October 21, 2025, (*see* Doc. 8-1 at 24), so he has been detained more than eight months since then. Thus, all the *Lopez* factors weigh in favor of granting Petitioner a bond hearing.

Based upon the foregoing, the Court **ORDERS**:

1.    The Findings and Recommendations issued on June 29, 2026, (Doc. 11), are **ADOPTED** in full.

2.    Respondents' motion to dismiss (Doc. 8) is **DENIED**.

3.    The petition for writ of habeas corpus is **GRANTED IN PART**.

4.    Respondents are **ORDERED TO PROVIDE** Petitioner with a substantive bond hearing within 14 days at which the immigration judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. At any such hearing, the Government should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

5.    At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.

6. The Clerk of Court is directed to transmit a copy of this order to the California City Detention Facility and then to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   July 14, 2026

_____
UNITED STATES DISTRICT JUDGE